Daniel L. Bonnett, SBA # 014127
**MARTIN & BONNETT, P.L.L.C**
1850 N. Central Avenue, Suite 2010
Phoenix, AZ 85004
Telephone: (602) 240-6900
dbonnett@martinbonnett.com

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WENDELL RUSSELL, MICHAEL OELKE, RICKY ROWLAND and RANDY MCGRATH, individually, and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>SWICK MINING SERVICES (USA), INC. a Nevada corporation, and ABC ENTITIES 1-20, JOHN AND JANE DOES 1-20.<br><br>Defendants. | CASE NO.:<br><br>**COLLECTIVE ACTION LAWSUIT**<br><br>Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* |

Plaintiffs, Michael Oelke, Ricky Rowland, Wendell Russell and Randy McGrath, on behalf of themselves individually, and on behalf of all other similarly situated current and former employees of Defendant entities doing business as "Swick Mining Services (USA), Inc.," collectively ("Plaintiffs"), allege as follows:

## JURISDICTION AND VENUE

1. This is an action to recover wages and damages from Defendants for their unlawful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. As this matter arises, *inter alia*, under federal statute, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. During the relevant period, Plaintiffs are or were employees of Defendant, Swick Mining Services (USA), Inc. (Swick USA), and are covered by the provisions and

protections contained in the FLSA.

4. Upon information, Defendant, Swick USA, has conducted business within the State of Arizona from approximately September 2015 to April 2016, at the mining operation located in or near Superior, Arizona.

5. Defendant, Swick USA, is a covered employer and/or enterprise subject to the FLSA because, at all times relevant, it is and was involved in interstate commerce and, upon information and belief, generates annual revenue in excess of $500,000.

6. As provided for under the FLSA, 29 U.S.C. § 216(b), this action is brought by each Plaintiff individually and as a collective action on behalf of all current and former similarly-situated employees of Defendant Swick USA who have worked or are currently working in the United States to recover wages, overtime wages, liquidated damages, attorneys' fees and other statutory penalties resulting from Defendants' violations of the FLSA.

7. By virtue of the forgoing, this Court has personal jurisdiction over the Defendants and venue lies properly within the district of Arizona pursuant to 28 U.S.C. § 1391(b)(1) & (c) and 29 U.S.C. § 216(b) because Defendants have conducted business operations and suffered or permitted Plaintiffs Oelke, Rowland and McGrath to work within this District.

**THE PARTIES**

8. The Plaintiffs are current and former employees of Defendant, Swick Mining Services (USA), Inc., a Nevada corporation (hereinafter, "Swick USA") which has, during some or all of the relevant timeframe, engaged in or transacted business in the state of Arizona.

9. Plaintiff, Michael Oelke ("Plaintiff Oelke"), worked for Swick USA at the Resolution Mining facility in Superior, Arizona between approximately February 2015 and April 2015. In addition, Plaintiff Oelke worked for Swick USA at mining locations in other states including, but not limited to, the state of Nevada between approximately September 2015 to February 2016 and April 2016 to June 2016. Plaintiff Oelke was not

1    paid all wages to which he was and is entitled to receive from Swick USA under the
2    FLSA.
3         10.    Plaintiff, Ricky Rowland ("Plaintiff Rowland"), worked for Swick USA
4    from approximately October 2015 to June 2016 at mining locations in several states
5    including, but not limited to Arizona, Michigan and Nevada was not paid all wages to
6    which he was and is entitled to receive under the FLSA for work performed.
7         11.    Plaintiff, Wendell Russell ("Plaintiff Russell"), worked for Swick USA
8    from approximately February 2015 to April 2016 at mining locations in several states
9    including, but not limited to Arizona and Tennessee was not paid all wages to which he
10   was and is entitled to receive under the FLSA for work performed.
11        12.    Plaintiff, Randy McGrath ("Plaintiff McGrath"), worked for Swick USA at
12   mining facilities in Superior, Arizona between approximately September 2015 and March
13   2016.  In addition, Plaintiff McGrath worked for Swick USA at mining facilities in other
14   states including the state of Nevada was not paid all wages to which he was and is entitled
15   to receive from Swick USA under the FLSA.
16        13.    From approximately September 20, 2014 to June 30, 2016, Plaintiff Oelke
17   worked as a Helper for Swick USA traveling state-to-state performing non-exempt work
18   including work in Arizona within the three years preceding the filing of his Consent to
19   Join as an opt-in plaintiff in this litigation. From in or around September 2015 through the
20   remainder of his employment, Plaintiff Oelke was paid a "day rate" as described herein.
21        14.    From approximately  October 14, 2015 to June 18, 2016, Plaintiff Rowland
22   worked as a Trainee Driller for Swick USA traveling state-to-state performing non-
23   exempt work including work in Arizona within the three years preceding the filing of his
24   Consent to Join as an opt-in plaintiff in this litigation. From in or around December 2015
25   through the remainder of his employment, Plaintiff Rowland was paid a "day rate" as
26   described herein.
27        15.    From approximately August 1, 2014 to June 1, 2016, Plaintiff McGrath
28   worked as a Driller for Swick USA traveling state-to-state performing non-exempt work

3

1  including work in Arizona within the three years preceding the filing of his Consent to
2  Join as an opt-in plaintiff in this litigation. From in or around August 2015 through the
3  remainder of his employment, Plaintiff McGrath was paid a "day rate" as described
4  herein.

5      16.  Upon information and belief, Defendant, Swick USA, is a wholly owned
6  subsidiary of Swick Mining Services ("ASX:SWK"), one of Australia's largest mineral
7  drilling contractors. Upon further information, ASX:SWK provides underground and
8  surface drilling services to a diverse group of mining companies and has or had
9  operations in Canada and the United States during the relevant timeframe including, but
10 not limited to, the states of Arizona and Nevada.[1]

11     17.  Swick USA may be served by serving its registered agent Barbara Inama
12 Torvinen, 225 Silver Street, Suite 105, Elko, NV 89801.

13     18.  ABC Entities 1-20 and John and Jane Does 1-20 are fictitiously-identified
14 Defendants whose true names and legal capacities are presently unknown. Leave of Court
15 is requested to substitute the true names of such Defendants when discovered.

16     19.  At all times relevant, all Defendants were and/or are joint employers of each
17 Plaintiff for purposes of this action. Defendants have owned, operated or are doing
18 business in the United States and Canada and, more particularly, within the states of
19 Arizona and Nevada, and exist for the common business purpose of providing goods and
20 services to the mining industry worldwide and within North America.

21                              **GENERAL ALLEGATIONS**

22     20.  As alleged herein, Defendant Swick USA pays certain of its employees,
23 including, but not limited to Drillers, Trainee Drillers, Helpers such as Plaintiff and others
24 (the "Day Rate Workers") a flat dollar amount for each day they work (hereinafter a "day
25 rate").

26     21.  Although Each of these workers, including Plaintiffs Oelke, Rowland,

27
28 [1]http://www.swickmining.com (last visited on 8/16/2016).

4

Russell and McGrath, regularly worked more than 70 hours a week, Swick USA does not pay and has not paid them overtime at the applicable rate for hours worked in excess of 40 in a workweek.

22. Swick USA's policy and practice of paying these employees a day rate, with no overtime pay, violates the Fair Labor Standards Act (FLSA).

23. This collective action seeks to recover the unpaid wages and other damages owed to these workers.

24. Over the past three years, Swick USA has employed dozens of individuals – including Plaintiffs Oelke, Rowland, Russell and McGrath – as Day Rate Workers.

25. The Day Rate Workers routinely handle goods or materials – such as hard hats, tools, steel toe shoes, drilling tools and cell phones - that have moved in, or were produced for, interstate commerce.

26. Swick USA pays its Day Rate Workers a day rate for the work they perform.

27. The Day Rate Workers are only paid for shifts they work.

28. All of Swick USA's Day Rate Workers (including, but not limited to, its Drillers, Trainee Drillers and Helpers) are non-exempt employees.

29. While the precise job duties of the Day Rate Workers may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of 40 in a workweek.

30. An employer can pay a non-exempt employee on a day rate basis *provided* the employee receives overtime pay at the applicable overtime premium rate of pay for all hours worked in excess of 40 in a week. 29 C.F.R. § 778.112.

31. All of Swick USA's Day Rate Workers perform manual labor in or related to the mining industry at various mining locations throughout the United States.

32. All of Swick USA's Day Rate Workers are entitled to overtime pay.

33. None of Swick USA's Day Rate Workers in Arizona or Nevada receive overtime pay.

34. Upon information, none of Swick USA's Day Rate Workers in Michigan and certain other states receive overtime pay.

35. Swick USA knows its Day Rate Workers work more than 40 hours in a week.

36. Swick USA scheduled Plaintiffs Oelke, Rowland, Russell and McGrath, and the other Day Rate Workers, for between 10- 12 hours of work each day.

37. Swick USA scheduled Plaintiffs Oelke, Rowland, Russell and McGrath, and the other Day Rate Workers, for as many as 7 days in a workweek ranging anywhere to 10 – 20 days in a row.

38. Swick USA knew or reasonably should have known its Day Rate Workers are not exempt from the FLSA's overtime provisions.

39. Nonetheless, Swick USA did not (and does not) pay its Day Rate Workers overtime for hours worked in excess of 40 in a workweek.

## COLLECTIVE ALLEGATIONS & CAUSE OF ACTION

40. Swick USA's policy of paying non-exempt workers a day rate, with no overtime pay, violates the FLSA.

41. Swick USA's day rate policy affects all the Day Rate Workers in a similar manner.

42. Plaintiffs Oelke, Rowland, Russell and McGrath, and the other Day Rate Workers are similarly situated for the purposes of their overtime claims. Each Plaintiff consents to join in this action and their respective "Consent to Join Wage Claim" forms have been signed and are attached as Exhibit "A."

43. The collective action class is therefore properly defined as:

**All Day Rate Workers employed by Swick USA since August 29, 2013.**

44. By failing to pay Plaintiffs Oelke, Rowland, Russell and McGrath and the other Day Rate Workers overtime at 1 and ½ times their regular rates, Swick USA has violated and is violating the FLSA's overtime provisions.

45. Swick USA owes each Plaintiff and the other Day Rate Workers the difference between the rate actually paid and the proper overtime rate.

46. Because Swick USA knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Swick USA owes these wages for at least the past 3 years.

47. Swick USA also owes each Plaintiff and the other Day Rate Workers an amount equal to the unpaid overtime wages as liquidated damages.

48. Plaintiffs Oelke, Rowland, Russell and McGrath, and the other Day Rate Workers are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs respectfully pray as follows:

A. Certification of this lawsuit and the proposed Class as an FLSA collective action;

B. A declaration that each Defendant has willfully and intentionally failed to pay each Plaintiff and each Class Member all amounts properly due and owing in violation of the Fair Labor Standard Act, 29 U.S.C. § 201 *et seq*.;

C. For an order entering judgment in favor of the Plaintiffs and proposed Class and against Defendant, for all overtime wages due each Plaintiff in an amount no less than as alleged herein but to be determined by the trier of fact together with additional sums for liquidated damages under applicable federal law, attorneys' fees, costs, and pre- and post-judgment interest; and

D. For such other and further relief as this Court deems necessary, just and proper.

RESPECTFULLY SUBMITTED this 29th day of August, 2016.

**MARTIN & BONNETT, P.L.L.C.**

By: _s/Daniel L. Bonnett_
   Daniel L. Bonnett
   1850 N. Central Avenue, Suite 2010
   Phoenix, AZ 85004
   (602) 240-6900

*Attorney for Plaintiffs*