WO       NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wendell Russell, *et al.*, | No. CV-16-02887-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Swick Mining Services USA Incorporated, *et al.*, | |
| Defendants. | |

At issue is the Emergency Motion for Temporary Restraining Order (Doc. 64, Mot.) filed by Plaintiffs Wendell Russell, Michael Oelke, Ricky Rowland, and Randy McGrath's, individually and on behalf of others similarly situated, to which Defendant Swick Mining Services USA, Inc. filed a Response (Doc. 68, Resp.), and in support of which Plaintiffs filed a Reply (Doc. 75, Reply). The Court held a hearing on the Emergency Motion on June 14, 2017. (*See* Doc. 78.) Upon consideration of the parties' presentations, the briefs, and the relevant affidavits, the Court finds that the relief requested by Plaintiffs—which includes an extension of time to complete discovery, a preliminary injunction, and sanctions—unnecessary. However, for the reasons set forth below, the Court does find some relief appropriate. Accordingly, the Court will deny Plaintiffs' Emergency Motion for Temporary Restraining Order but grant relief consistent with this Order.

## I. BACKGROUND

On April 14, 2017, the Court granted Plaintiffs' Motion to Amend Scheduling Order (Doc. 27) and Motion for Conditional Collective Action Certification, Appointment of Class Counsel, and Request for Expedited Court-Supervised Corrective Notice of Pending Collective Action (Doc. 33). In doing so, the Court directed the parties to issue Notice and Consent forms in compliance with that Order but did not preclude Defendant from communicating with putative class members or from including defense counsel's contact information on the form.

On the same day that Defendant provided Plaintiffs the class list in accordance with this Court's instructions—but prior to the Notice and Consent form issuing—Defendant unilaterally sent a letter to the putative class members regarding the lawsuit. Defendant—apparently without the assistance or advice of counsel—commented on its corrective actions regarding the conduct alleged in the lawsuit, disputed the legal validity of Plaintiffs' claims, discussed the possible length of the case, alerted putative class members that joining the suit will list them as a named plaintiff visible to Defendant, and strongly encouraged potential class members to evaluate their options before joining the suit. Plaintiffs then brought this Motion seeking emergency injunctive relief to prevent Defendant from communicating with putative class members and various other forms of relief purportedly tailored to mollify any harm done by Defendant's communication.

## II. LEGAL STANDARD

In order to obtain a preliminary injunction, Plaintiffs must show that "(1) [they are] likely to succeed on the merits, (2) [they are] likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in [their] favor, and (4) an injunction is in the public interest." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008)). The Ninth Circuit, employing a modified sliding scale analysis, has also stated "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are

also met." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1078 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 2877 (2014) (quoting *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1132 (9th Cir. 2011)).

## III. ANALYSIS

The Court concludes that Plaintiff is entitled to relief for Defendant's potentially confusing or damaging communication, which ran the risk of reading as coercive or misleading. The Court also concludes, however, that it is not necessary to reach the issue of potential harm caused by Defendant's letter to putative class members via an injunctive relief analysis. Instead, the Court will address the issue of Defendant's communication to putative class members through its inherent powers to manage its affairs and address discovery misconduct. *See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (stating the Ninth Circuit "has recognized as part of a district court's inherent powers the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial"); *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1338 (9th Cir. 1985) ("district courts may rely upon their inherent powers in penalizing some forms of discovery abuse"); *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1114 (D. Ariz. 2014) (noting that the Court must "exercise caution in invoking its inherent powers," but sanctioning party through those powers, even though there was "no violation of a court order or other discovery rule"). Thus, the Court will narrowly tailor the remedy to the degree necessary, as set forth below.

### A. Second Corrective Notice

Plaintiffs request that their counsel be authorized to serve a Second Corrective Notice to all putative class members at Defendant's expense. (Mot. at 10.) Plaintiffs attach a proposed Second Corrective Notice to their Motion. (Mot. Ex. A.) Defendant argues that Plaintiffs' proposed Second Corrective Notice implies that the Court has sided with Plaintiffs, disregards legal authority regarding liquidated damages, and indicates that the Court has sanctioned Defendant. (Resp. at 14-15.)

While Plaintiffs are entitled to serve a Second Corrective Notice to clarify any confusing information communicated in Defendant's memorandum, impartiality is paramount in any court-sanctioned communication with putative class members. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("in exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality"). Thus, the Court will authorize a Second Corrective Notice, the sole purpose of which is to clarify the provision regarding the effect of joining the lawsuit and reiterate those points expressed in Plaintiffs' original Notice and Consent form. The Court will direct the parties to meet and confer over the proposed language of the Second Corrective Notice to attempt to come to a consensus and submit a draft for approval. Should the parties be unable to agree entirely, the Court will accept drafts from each party and distill each to a notice it deems proper. The proposed language shall be fact-based and shall not characterize Defendant's communication as inaccurate, coercive, or misleading, or state that Defendant has been sanctioned.

### B. Extending the Opt-In Period

Plaintiffs request that the Court extend the opt-in period for all potential class members to sixty (60) days after the Second Corrective Notice has been mailed. (Mot. at 11.) Defendant argues that the existing period is already generous and no extension is necessary. (Resp. at 16.) However, given that some current employees may have been dissuaded—rightly or wrongly—from immediately opting in to the class in light of Defendant's communication, the Court will extend the opt-in period to sixty days after the Second Corrective Notice is mailed.

### C. Extending Fact Discovery

Plaintiffs request that the Court extend the fact discovery cut-off period an additional 45 days from the close of the opt-in period for Plaintiffs only. (Mot. at 11.) Defendant concedes that the deadlines require revision but argue that any such revision should be mutual. (Resp. at 16.) The Court agrees that any extension should apply to both parties; indeed, parties have filed a Joint Motion for Extension of Time to Revise

Scheduling Order to Extend Discovery and Other Related Pretrial Deadlines (Doc. 83), which the Court will resolve by separate order. In light of that filing, the Court finds this portion of Plaintiffs' Motion moot.

## IV. CONCLUSION

Though the Court denies Plaintiffs' Emergency Motion for Temporary Restraining Order, it will order a Second Corrective Notice as set forth below. It will not enjoin Defendant from further communication, equitably toll the statute of limitations, issue an Order to Show Cause, allow Plaintiff's communication via telephone and text message, impose sanctions against Defendant, or grant any other relief requested at this time.

**IT IS THEREFORE ORDERED** denying Plaintiffs Wendell Russell, Michael Oelke, Ricky Rowland, and Randy McGrath's, individually and on behalf of others similarly situated, Combined Emergency Motion for Temporary Restraining Order, Extension of Time to Complete Discovery, for Preliminary Injunction, and for Sanctions (Doc. 64).

**IT IS FURTHER ORDERED** that the parties meet and confer regarding the proposed language of a Second Corrective Notice to be issued in compliance with this Order. The parties shall submit joint or competing proposals for such language by July 21, 2017.

**IT IS FURTHER ORDERED** extending the opt-in period identified in this Court's previous Order (Doc. 49) to sixty (60) days after Plaintiffs mail the Second Corrective Notice discussed above.

Dated this 5th day of July, 2017.

_____
Honorable John J. Tuchi
United States District Judge